No. 10,516.

HOLLY SUGAR CORPORATION *v.* DRAIN.

Decided February 5, 1923. Rehearing denied March 5, 1923.

Action on contract. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. CONTRACT—*Evidence—Usage.* Evidence of usage is admissible to show whether or not an alleged contract was ever made.

2. *Evidence.* Where the making of an oral contract is disputed, all the acts and declarations of the parties tending to establish or refute it are admissible, together with all the facts connected with the history of the transaction, and the surrounding circumstances.

*Error to the District Court of Delta County, Hon. Thomas J. Black, Judge.*

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for plaintiff in error.

Mr. C. H. STEWART, Mr. MORTIMER STONE, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover upon a contract, the existence of which was put in issue. Verdict and judgment for plaintiff. Defendant brings error, and applies for a supersedeas.

The ultimate question presented to us is: Did the court err in excluding evidence offered by defendant in an attempt to prove, or aid in the proof of, the proposition that the alleged contract was never entered into?

The alleged contract was in the form of an oral agreement whereby the Holly Sugar Corporation, defendant, promised to pay one William J. Lance the several amounts of money which were provided for as rent in a lease existing between Lance and one Joe Onedara, so far as concerns the year 1920. The alleged oral agreement corresponds to a written contract which existed between Lance and the Sugar Corporation during the year 1919, and is treated by plaintiff as an oral extension of the written contract of 1919 to cover the year 1920. It was provided in the written contract of 1919 that "in consideration of first party (Lance) waiving the clause in (the)  *  *  * agreement of lease with Onedara calling for the securing of rent for the year 1919 by chattel mortgage, second party (The Holly Sugar Corporation)  *  *  *  agrees that  *  *  *  it will pay to Lance the rent installments mentioned in the lease.

The complaint alleges that under said alleged oral agreement, in accordance with the terms thereof, the defendant in March, 1920, paid Lance $500, and thereafter paid the further sum of $450 to a third party upon the order of Lance.

It is further alleged that on July 20, 1920, Lance sold the leased premises to the plaintiff, and assigned to the latter all his rights under the alleged contract. The sum of $650 is claimed to be due, and judgment therefor prayed for. The verdict obtained, and judgment entered, is in this amount.

The existence of the alleged oral contract for the year 1920 is the main issue of fact involved in this case. The witness Lance, on behalf of plaintiff, testified, in substance, that he made the alleged agreement with one Douthitt, an agent of the sugar corporation. Douthitt, as a witness for defendant, denies the making of the agreement.

The plaintiff was permitted to show that the defendant corporation made payments to Lance, the landlord, in the year 1920, as alleged in the complaint. The payments

or advances are admitted, and they correspond, substantially, to the payments defendant would be required to make under the alleged contract, if such contract existed. The jury might have inferred from such evidence that defendant, in making the payments, admitted having made the contract or was acting consistently with its existence.

The witness Holmes, on behalf of the defendant, testified that he was the officer of the defendant who advanced the money to plaintiff's assignor Lance, and that when he did so he had no information or knowledge of any agreement whereby the defendant corporation should pay Lance any rent money due from the tenant. The court then refused to permit the witness to answer the following question:

"Mr. Holmes, state if deposits were made to other landlords in the year 1920 without any contract requiring them to be made, with the expectation of getting the money out of the landlord's share of the beets or the landlord's rent money."

Objection to the following question was also sustained:

"Mr. Holmes, were advances made by the Holly Sugar Corporation without any contract requiring them to do so in the year 1920  *   * · *?"

The court rejected testimony by the witness Draper, for defendant, that the sugar corporation followed the policy of making advances to owners of land on which beets were being raised where there was no contract requiring such advances.

The court sustained plaintiff's objection to defendant's offer to prove by the witness Douthitt that in the first six months of the year 1920, the sugar business was in a very prosperous condition, and that advances were made both to the various landlords and the various tenants by the sugar company without any agreement to make such advances or to pay the landlord's rent, and were made with the expectation that the beets then being raised by the tenants would be sufficient when delivered to pay back to the sugar corporation any money advanced.

All the rulings above mentioned may be considered to-gether. They consisted in the exclusion of evidence. It may be that it was evidence of a custom, which is not admissible to vary the terms of a contract. However, the evidence in the instant case, that is, the evidence of the defendant's custom, was admissible for the purpose of explaining the defendant's acts, which acts had been shown first by plaintiff himself. The plaintiff introduced evidence tending to show that defendant had recognized the alleged contract and admitted its existence. It would obviously be fair to permit defendant to extend the same evidence, and to show that what might appear to be a recognition of the contract, in fact was not so. The defendant was permitted to do this, to some extent, but not by showing its custom and practice, and in that way too, it was entitled to show the non-existence of the contract. It is stated in 17 C. J. 502, that "evidence of usage is admissible to show whether or not an alleged contract was ever made." To illustrate that rule, a note in the same work cites a case where a usage among physicians not to charge each other for medical attention was admissible to disprove an implied promise on the part of one physician to pay another for his services. It was error to exclude the evidence above considered.

The court refused the admission in evidence of a beet growing contract between defendant and the tenant, which was offered for the purpose of showing that it was made at a time later than the time of the making of the alleged contract sued on. This ruling was error. The defendant was entitled to show the dates in question as circumstances tending to refute the existence of the contract sued on, for if it had no beet growers contract with the tenant it might have lacked motive for guaranteeing to the lessor his rent. In 13 C. J. 767, it is said:

"Where the making of an oral contract is disputed, all the acts and declarations of the parties tending to establish or refute it are admissible, together with all the facts

connected with the history of the transaction, and the surrounding circumstances; * * *."

The judgment is reversed and the cause remanded for new trial.

MR. JUSTICE BURKE and MR. JUSTICE SHEAFOR concur.

MR. JUSTICE ALLEN sitting as Chief Justice.